**HOLMES, WOODS & DIGGS,**
**Appellant,**

v.

**Laurie GENTRY, Appellee.**

**No. 05–08–00723–CV.**

Court of Appeals of Texas,
Dallas.

July 21, 2009.

652

Angel Berbarie, Holmes, Diggs, Eames & Puhl, Dallas, TX, for Appellant.

James E. Polk, Attorney At Law, Dallas, TX, for Appellee.

Before MORRIS, RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice RICHTER.

This is an interlocutory appeal from a trial court's order denying a motion to enforce an arbitration clause. In a single issue, appellant Holmes, Woods & Diggs (the "Firm") contends the trial court erred because the Firm did not waive its right to arbitration. We conclude the Firm's arguments are without merit and affirm the trial court's order.

### BACKGROUND

In December 2003, Laurie Gentry retained the Firm to represent her in a family law matter. Gentry and the Firm executed a fee agreement in connection with the representation. The fee agreement contains an arbitration clause which provides:

> [To] formulate a quick and inexpensive resolution of any ... disputes, you and we agree that any disputes arising out of our representation, whether contractual or tortious in nature, will be resolved exclusively by submission to binding arbitration pursuant to the rules of the American Arbitration Association.

According to the agreement, arbitration is to occur in Dallas, Texas "in accordance

with the laws of the State of Texas." The agreement further provides that a mediation "shall be conducted prior to arbitration upon the request of any party." The agreement specified that arbitration would apply to:

[A]ny controversy, claim or dispute in the course and scope of the lawyer-client relationship or arising out of or relating to [the fee agreement] or the breach, termination, enforcement, interpretation or validity thereof, including the scope or applicability of [the] agreement to arbitrate.

A dispute concerning fees arose between the parties and Gentry did not pay the Firm's bill. On March 14, 2005, the Firm filed suit against Gentry claiming it was entitled to recover $8,347.48 plus interest and reasonable attorney's fees. The suit was not served on Gentry until August 2005. After being served with the lawsuit, Gentry attempted to file an answer as a pro se litigant through an on-line service. Two days later, Gentry contacted the Firm to request mediation or arbitration in accordance with the fee agreement by sending an e-mail to Robert Holmes, the general partner with whom she had contact and who executed the agreement on behalf of the Firm. Holmes agreed to mediation or arbitration. Gentry's answer to the lawsuit was never filed, but she believed Holmes was arranging dates for mediation or arbitration.

On September 21, 2005, the Firm filed a motion for default judgment that was granted by the court the same day. The Firm then attempted to execute on its judgment.

Gentry retained an attorney to prevent the Firm from executing a post-judgment attachment and sale of her condominium and second home. To prevent execution of the judgment, Gentry was required to deposit $12,000 in her attorney's trust account while the parties negotiated a settlement.

Settlement negotiations failed. Consequently, Gentry filed a bill of review on January 25, 2006. Both parties conducted discovery on the issues to be tried in the bill of review. The discovery included depositions and the exchange of interrogatories and requests for production.

On June 26, 2006, the Firm filed a motion for summary judgment and argued the default judgment should be enforced and the bill of review denied. Gentry filed a response to the motion. The trial court initially granted the motion, but after Gentry filed a motion for rehearing, signed an order setting aside the initial summary judgment order.

The trial court ordered the parties to mediation, but the dispute was not resolved. The bill of review was tried on September 5, 2007. On September 11, 2007, the trial court granted the bill of review and set aside the default judgment. As a result, the Firm's original suit was set on the court's trial docket.

On December 13, 2007, Gentry filed an answer and counterclaim and asserted claims against the Firm for fraudulent inducement, negligence, and breach of contract in connection with the fee agreement. The answer also contained affirmative defenses to the Firm's claim that it was entitled to recover fees from Gentry. The Firm answered the counterclaim. On December 31, 2007, the Firm filed a motion to enforce the arbitration clause in the fee agreement. Gentry responded and asserted the Firm had waived its right to arbitrate. After both parties briefed the issue, on May 9, 2008, the trial court denied the motion. This appeal followed.

### DISCUSSION

In a single issue, the Firm asserts the trial court erred because it did not waive

its right to arbitrate. The Firm seeks reversal of the trial court's order, or alternatively, mandamus relief.

■ Neither the trial court nor the parties indicate whether this action is governed by the Texas General Arbitration Act ("TAA"), TEX. CIV. PRAC. & REM.CODE ANN. § 171.001–.098 (Vernon 2005), the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16 (2006), or both, and the agreement fails to specify which law applies. The standard for determining waiver of the right to arbitration, however, is the same under both the TAA and the FAA. *See Sedillo v. Campbell,* 5 S.W.3d 824, 826 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (combined appeal and orig. proceeding). Under both the FAA and the TAA, whether a party has waived his right to arbitrate is a question of law that we review de novo. *In re Oakwood Mobile Homes,* 987 S.W.2d 571, 574 (Tex.1999) (per curiam) (FAA); *In re Bruce Terminix Co.,* 988 S.W.2d 702, 704 (Tex.1998) (per curiam) (FAA); *In re Trammell,* 246 S.W.3d 815, 820 (Tex.App.-Dallas 2008, no pet.) (under the TAA, appellate court reviews questions of law de novo).

■ A party seeking to compel arbitration has the initial burden to establish an agreement to arbitrate and that the claims are within the scope of the agreement. *In re D. Wilson Const. Co.,* 196 S.W.3d 774, 781 (Tex.2006) (orig. proceeding); *In re Igloo Prods. Corp.,* 238 S.W.3d 574, 577 (Tex.App.-Houston [14th Dist.] 2007) (orig. proceeding); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 171.021 (Vernon 2005). If these showings are made, the burden shifts to the party opposing arbitration to present a valid defense to the agreement. *Igloo Prods. Co.,* 238 S.W.3d at 577.

■ Waiver is a valid defense to arbitration. *See, e.g., In re Oakwood Mobile Homes,* 987 S.W.2d at 573. Because public policy favors arbitration, there is a strong presumption against finding that a party has waived his right to arbitration, and the burden to prove waiver is a heavy one. *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 89 (Tex.1996). Any doubts regarding waiver are resolved in favor of arbitration. *In re Bruce Terminix,* 988 S.W.2d at 705. Whether waiver occurs depends on the facts and circumstances of each case. *Perry Homes v. Cull,* 258 S.W.3d 580, 591 (Tex.2008), *cert. denied,* ⸺ U.S. ⸺, 129 S.Ct. 952, 173 L.Ed.2d 116 (2009).

■ The test for determining waiver is two-pronged: (1) did the party seeking arbitration substantially invoke the judicial process, and (2) did the opposing party prove that it suffered prejudice as a result. *Perry Homes,* 258 S.W.3d at 589–90; *In re Bank One N.A.,* 216 S.W.3d 825, 827 (Tex. 2007). The judicial process is substantially invoked when the party seeking arbitration has taken specific and deliberate actions, after the filing of the suit, that are inconsistent with the right to arbitrate or has actively tried, but failed to achieve a satisfactory result through litigation before turning to arbitration. *In re Vesta Ins. Group, Inc.,* 192 S.W.3d 759, 763 (Tex. 2006) (orig. proceeding). Factors considered in determining whether a movant has substantially invoked the judicial process include how much discovery has been conducted and who initiated it, whether the discovery related to the merits rather than arbitrability or standing, how much of the discovery would be useful in arbitration, and whether the movant sought judgment on the merits. *Perry Homes,* 258 S.W.3d at 591–592. Whether the movant is a plaintiff or defendant is also relevant to the consideration, but does not alone justify a finding of waiver or change the "totality of the circumstances test." *Perry Homes,* 258 S.W.3d at 592.

■ Here, the existence of a valid arbitration agreement and that the claims as-

serted by both parties fall within the scope of the agreement is undisputed. Therefore, we begin our inquiry by examining whether the Firm substantially invoked the litigation process.

The Firm contends it did not substantially invoke the litigation process because there has been no litigation in the case in chief, and virtually all activity in the trial court pertained to the default judgment and Gentry's efforts to have it set aside. We are not persuaded by this argument.

We note at the outset that the parties and the record are not clear as to whether the Firm agreed to "arbitration or mediation" or simply to arbitration. The Firm admits that it agreed to "arbitration or mediation" and never specifically denied Gentry's assertion that it had agreed to arbitration. Because the parties' agreement specifies that a party may request mediation as a precursor to arbitration, and because the record is clear that Gentry believed the parties were proceeding in accordance with the agreement, we view the distinction as immaterial for purposes of our analysis and consider the parties' agreement an agreement to proceed with arbitration.

The Firm not only initiated the litigation, but initially agreed to arbitration. Despite its agreement, the Firm then elected to aggressively pursue litigation. After two years of activity in the trial court, the original case was reinstated on the trial court's docket. Although the discovery may not have involved the merits per se, it did not involve arbitrability or standing. The record does not reflect how much of the discovery might prove useful in the underlying suit. But the discovery, like all of the other activity in the trial court, would never have occurred if the Firm had honored its original agreement to arbitrate. The trial court's order states that the court took judicial notice of the contents of its file in this cause and in the earlier proceeding and the record reflects that the Firm actively attempted to achieve a satisfactory result through litigation before turning to arbitration. The Firm obtained a default judgment, pursued execution of the judgment, and actively opposed the bill of review through summary judgment and then at trial. It was only after the bill of review was denied and Gentry asserted affirmative claims against the Firm that the Firm turned to arbitration. Viewing the totality of the circumstances, we conclude the Firm's actions evidence the Firm's intent to relinquish its right to arbitrate and that these actions are inconsistent with its subsequent claim of that right.

The affidavit of James Polk ("Polk Affidavit"), counsel for Gentry, is also part of the record. The affidavit states that the parties took mutual depositions and the Firm served two sets of interrogatories and one request for production of documents on Gentry. Excerpts from these depositions are also included in the record. Although the volume of discovery is pertinent to our analysis, the Texas Supreme Court has held that the amount of litigation conduct deemed "substantial" depends on the context: three or four depositions may be all the discovery needed in one case, but merely preliminary in another. *Perry Homes,* 258 S.W.3d at 593. Because this case involves a relatively simple fee dispute, we view that the discovery that was conducted, coupled with the extensive briefing and aggressive defense of the default judgment and opposition to the bill of review as substantial. Therefore, we conclude that the Firm substantially invoked the litigation process.

We must next determine whether Gentry suffered prejudice. Prejudice refers to the inherent unfairness in terms of delay, expense or damage to a party's legal position when the party's opponent forces

it to litigate an issue and later seeks to arbitrate that same issue. *Perry Homes,* 258 S.W.3d at 597. "A party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *Id. citing, In re Tyco Int'l Ltd. Sec. Litig.,* 422 F.3d 41, 46 n. 5 (1st Cir.2005).

Here, the record reflects that Gentry incurred $22,612.75 in attorney's fees over the two years she spent attempting to have the default judgment set aside and for filing a counterclaim against the Firm. The stated purpose of the arbitration clause in the fee agreement, however, was to resolve disputes in a cost-effective and expeditious manner. The record also reflects that the Firm attempted to manipulate the process to its advantage, and this is precisely the kind of inherent unfairness that constitutes prejudice under federal and state law. *See Perry Homes,* 258 S.W.3d at 597.

The Firm also argues that even if it waived the right to arbitrate its claim against Gentry, it did not waive the right to arbitrate her counterclaim. The counterclaim, however, arises in the same lawsuit and falls within the scope of the arbitration clause. We are aware of no reason, nor does the Firm provide one, why the Firm's waiver of the right to arbitrate would not encompass all claims within the scope of the agreement.

Because the Firm substantially invoked the litigation process and Gentry suffered prejudice, we conclude the trial court did not err in its determination that the Firm waived the right to arbitration. We resolve the Firm's issue against it, and affirm the trial court's order. The request for mandamus relief is also denied.