**Affirmed and Opinion Filed August 25, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00795-CV

### SIMEON GREEN, Appellant
### V.
### VELOCITY INVESTMENTS, LLC, ASSIGNEE OF LENDINGCLUB CORPORATION, Appellee

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-04336**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

Appellant Simeon Green appeals the trial court's denial of his motion to compel arbitration. We affirm.

## BACKGROUND

On March 15, 2016, Green entered a contract for the extension of credit (the credit agreement) with LendingClub Corporation. The credit agreement had a sixty-month term. Green defaulted, and LendingClub charged off the account on December 29, 2016. LendingClub sold Green's account to appellee Velocity Investments, LLC (Velocity) by Bill of Sale a month later, on January 31, 2017.

On March 26, 2019, Velocity filed suit against Green, seeking to enforce the credit agreement and to recover damages for the unpaid balance. Velocity asserted the total balance due when Velocity filed suit was $36,120.80 plus interest. Velocity served initial discovery requests with its petition, including its Request for Disclosure, Request for Production, Request for Admissions, and First Set of Interrogatories. Green filed a general denial on August 12, 2019. Green did not answer Velocity's discovery requests.

The trial court set the case for a bench trial to begin on April 27, 2020. A week before the trial date, Velocity filed a motion for continuance to give the parties additional time to complete settlement negotiations. The trial court heard the motion for continuance during a 1:15 p.m. hearing on April 27, 2020. Velocity withdrew the motion during the hearing, and the court reset the case for trial to begin at 10:30 a.m. on April 29, 2020.

After the hearing on Velocity's motion for continuance, Green filed a motion to dismiss, or in the alternative, to stay the proceedings pending arbitration and to compel arbitration. The trial court heard the motion on the day of trial before the parties began presenting their cases. Velocity conceded the credit agreement included an arbitration clause but argued Green waived any right to compel arbitration by waiting to file his motion until right before trial and after the parties conferred with the court about continuing the case just two days prior. Velocity maintained it was "just far too late" for Green to move to compel arbitration and for

the trial court to abate the case in favor of arbitration. The trial court agreed, stated the motion was "untimely," and denied the motion. The case was then tried to the bench.

On June 2, 2020, the trial court signed a final judgment awarding Velocity $36,000. Green timely requested findings of fact and conclusions of law on June 19, 2020. He filed a notice of past-due findings on July 17, 2020. After receiving each of those filings, the trial court "invite[d]" Green to submit proposed findings of fact and conclusions of law. Green did not file proposed findings and conclusions, and none were signed by the trial court. On August 31, 2020, Green filed a notice of appeal of the June 2, 2020 final judgment. On appeal, Green challenges only the trial court's denial of his motion to compel arbitration. Green contends the trial court erroneously refused to compel arbitration because Velocity failed to prove Green substantially invoked the judicial process and prejudiced Velocity by doing so.

**STANDARD OF REVIEW**

We review the denial of a motion to compel arbitration for an abuse of discretion, deferring to the trial court on factual determinations that are supported by the evidence and reviewing legal determinations de novo. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008); *Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 863 (Tex. App.—Dallas 2010, no pet.). Whether a party waived its right to arbitrate is a question of law, which we review de novo. *Henry*, 551 S.W.3d at 115.

–3–

The trial court did not issue findings of fact or conclusions of law to explain its denial of the motion to compel arbitration. We must, therefore, uphold the trial court's decision on any appropriate legal theory urged below. *Bonded Builders Home Warranty Ass'n of Tex. v. Rockoff*, 509 S.W.3d 523, 531–32 (Tex. App.—El Paso 2016, no pet.). Because the trial court would err if it denied a motion to compel arbitration on a ground not raised by the resisting party, we may affirm the trial court's refusal to compel arbitration only if one of the grounds presented by the resisting party is valid. *APC Home Health Servs., Inc. v. Martinez*, 600 S.W.3d 381, 389 (Tex. App.—El Paso 2019, no pet.).

## APPLICABLE LAW

A party waives the right to compel arbitration if (1) the party substantially invokes the judicial process and (2) the opposing party suffers detriment or prejudice as a result. *Perry Homes*, 258 S.W.3d at 589–90; *Holmes, Woods & Diggs v. Gentry*, 333 S.W.3d 650, 654 (Tex. App.—Dallas 2009, no pet.). There is a strong presumption against waiver of arbitration. *Perry Homes*, 258 S.W.3d at 590; *see also RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016) (per curiam) (party asserting waiver "bears a heavy burden of proof").

The substantial-invocation element requires the court to consider the totality of the circumstances. *Perry Homes*, 258 S.W.3d at 591. Relevant factors include:

- whether the party seeking to compel arbitration is a plaintiff or a defendant in the lawsuit;

- when the party knew of the arbitration clause;

–4–

- how long the party waited before seeking arbitration and any reasons for the delay;

- how much discovery has been conducted, who initiated it, whether it related to the merits rather than arbitration or standing, and how much of it would be unavailable or useful in arbitration;

- whether the party sought judgment on the merits;

- whether the party asserted affirmative claims for relief in court;

- the amount of time and expense the parties have expended on litigation;

- whether the discovery conducted would be unavailable or useful in arbitration;

- whether judicial activity would be duplicated in arbitration; and

- when the case was to be tried.

*RSL Funding*, 499 S.W.3d at 430; *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015); *Perry Homes*, 258 S.W.3d at 591. Generally, no single factor is dispositive. *RSL Funding*, 499 S.W.3d at 430. Although substantial invocation must be decided on a case-by-case basis, the *Perry Homes* court suggested the element would be satisfied if the movant conducted full discovery, filed motions going to the merits, and sought arbitration only on the eve of trial. 258 S.W.3d at 590.

The prejudice prong refers to inherent unfairness in terms of delay, expense, or damage to a party's legal position caused when a party's opponent forces it to litigate an issue and later seeks to arbitrate the same issue. *Perry Homes*, 258 S.W.3d at 597. The party seeking to establish waiver must show the fact of prejudice but is

–5–

not required to prove its precise extent. *Id.* at 599. And although delay is a factor, mere delay is ordinarily not enough to show prejudice, even if the delay is substantial. *G.T. Leach Builders*, 458 S.W.3d at 515; *Sivanandam v. Themesoft, Inc.*, No. 05-21-00645-CV, 2022 WL 872623, at *2–3 (Tex. App.—Dallas Mar. 24, 2022, pet. filed) (mem. op.).

## THE ARBITRATION PROVISION

The credit agreement included an arbitration provision that allowed either party to elect to proceed to arbitration before the American Arbitration Association (AAA). The arbitration provision states the following in pertinent part:

> **20. Arbitration.** RESOLUTION OF DISPUTES: I HAVE READ THIS PROVISION CAREFULLY AND UNDERSTAND THAT IT LIMITS MY RIGHTS IN THE EVENT OF A DISPUTE BETWEEN YOU AND ME, I UNDERSTAND THAT I HAVE THE RIGHT TO REJECT THIS PROVISION AS PROVIDED IN PARAGRAPH (b) BELOW.
>
> a. Either party to this Agreement, or any subsequent holder, may, at its sole election, require that the sole and exclusive forum and remedy for resolution of a Claim be final and binding arbitration pursuant to this section 20 (the "Arbitration Provision"), unless you opt out as provided in section 20(b) below. As used in this Arbitration Provision, "Claim" shall include any past, present, or future claim, dispute, or controversy involving you (or persons claiming through or connected with you), on the one hand, and us and/or any subsequent holder (or persons claiming through or connected with us and/or the subsequent holders), on the other hand, relating to or arising out of this Agreement, any Loan Agreement and Promissory Note(s), the Site, and for the activities or relationships that involve, lead to, or result from any of the foregoing, including (except to the extent provided otherwise in the last sentence of section 20(f) below) the validity or enforceability of this Arbitration Provision, any part thereof, or the entire Agreement. Claims are subject to arbitration regardless of whether they arise from contract; tort (intentional or otherwise); a constitution, statute, common law, or

principles of equity; or otherwise, Claims include matters arising as initial claims, counter-claims, cross-claims, third-party claims, or otherwise. The scope of this Arbitration Provision is to be given the broadest possible interpretation that is enforceable.

\*\*\*

c. . . . . The party initiating arbitration shall do so with the American Arbitration Association (the "AAA") or Judicial Alternatives and Mediation Services ("JAMS"). The arbitration shall be conducted according to, and the location of the arbitration shall be determined in accordance with, the rules and policies of the administrator selected, except to the extent the rules conflict with this Arbitration Provision or any countervailing law. . . .

The arbitration provision also stated the parties have a right to litigate claims in court but waive that right by electing arbitration:

THE PARTIES ACKNOWLEDGE THAT THEY HAVE A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF ANY PARTY ELECTS ARBITRATION PURSUANT TO THIS ARBITRATION PROVISION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY ANY PARTY.

Velocity concedes the existence of the provision but maintains Green impliedly waived the right to seek arbitration by filing the motion to compel on the eve of trial.

## ANALYSIS

The parties' arguments concerning arbitration were limited in the trial court. In the prayer to his motion to compel arbitration, Green moved the trial court to compel arbitration and dismiss Velocity's "complaint due to Lack of Subject Matter Jurisdiction or in the alternative, to stay proceedings pending contractual

arbitration." The only arguments made by Green in the motion were his statements that the parties "are bound by the Borrower Agreement," and he "elects arbitration to settle this dispute." The remainder of the motion consisted of (1) the text of the arbitration provision; (2) the text of section two of the FAA, 9 U.S.C. § 2 (Validity, irrevocability, and enforcement of agreements to arbitrate); and (3) quotations from various federal cases concerning the "liberal federal policy favoring arbitration" and the general rule that arbitration agreements should be enforced. Green did not expand these arguments when the trial court heard the motion below. Velocity, however, told the court it opposed the motion "for a couple of reasons":

> We're not disputing that there is an arbitration clause in the agreement. It's part of our business records affidavit. But with the motion being filed so soon, right before trial and right after our conference about the motion to continue, we think that it's just far too late to be able to do that.

The trial court agreed with Velocity, stated the motion was "untimely," and denied the motion.

On appeal, Green again argues the arbitration provision should have been enforced under the plain terms of the FAA and federal law favoring enforcement of arbitration provisions. He also contends he did not substantially invoke the judicial process, and Velocity "did not prove the burden of the waiver of the right to arbitrate, since they did not prove any substantial invoking of the judicial process or any detriment to its party." Velocity maintains Green implicitly waived the right to seek

arbitration and granting arbitration would have unfairly prejudiced Velocity. We agree with Velocity.

## I.     Substantial invocation of the judicial process

We begin our inquiry by examining whether Green substantially invoked the litigation process. The substantial-invocation element of waiver may be established if a party conducts full discovery, files motions that address the merits, and seeks arbitration only on the eve of trial. *Perry Homes*, 258 S.W.3d at 590. "The rule that one cannot wait until 'the eve of trial' to request arbitration is not limited to the evening before trial; it is a rule of proportion . . . ." *Id.* at 596. Green never responded to discovery, and the parties did not file substantive motions before trial. Nonetheless, we conclude the "rule of proportion" acknowledged in *Perry Homes* is implicated here because of the timing of Green's invocation of arbitration.

Green filed the motion to compel on the eve of trial after the case had been pending for over a year and after the trial court conducted a pretrial hearing at which it ordered trial to begin two days later. The motion was untimely under the trial court's pretrial order, which required all substantive motions be set and heard at least thirty days before trial. The motion was also untimely because Green filed the motion after the deadlines had passed to respond to Velocity's merits-discovery, including requests for admission, without Green responding to those requests, and after Velocity's withdrawal of its motion for continuance of the April 27, 2020 trial setting. Green told the court he filed the motion after "our conversation" about the

–9–

motion at the pretrial hearing and because the trial court indicated the motion needed to be uploaded before trial. Although Green told the court he had done research on arbitration "originally from day one," he did not explain why he waited to file the motion to compel until the eve of trial. Green asserted a decision to invoke arbitration only after Velocity and the trial court were ready to try the case. We agree with the trial court's assessment that Green's request came too late.

Further, "the judicial process is substantially invoked when the party seeking arbitration has taken specific and deliberate actions, after the filing of the suit, that are inconsistent with the right to arbitrate or has actively tried, but failed to achieve a satisfactory result through litigation before turning to arbitration." *Holmes, Woods & Diggs*, 333 S.W.3d at 654. Here, the parties' settlement negotiations had recently failed. That event led Velocity to withdraw its motion for continuance of the trial and made trial imminent. When Green filed his motion to compel, he did so with trial set to begin two days later. In other words, Green filed the motion to compel only after he was faced with an imminent trial date without hope of continuance or settlement. Other courts addressing similar situations have found substantial invocation when a party does not seek arbitration until "after proceeding in litigation to an adverse result" because doing so "is the clearest form of inconsistent litigation conduct and is inevitably found to constitute substantial invocation of the litigation process resulting in waiver." *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 789–90 (Tex. App.—El Paso 2015, no pet.) (first citing *Haddock v. Quinn*, 287

–10–

S.W.3d 158, 180 (Tex. App.—Fort Worth 2009, pet. denied) (the plaintiff had already lost its declaratory judgment lawsuit, and had suffered a take-nothing judgment, when it filed its application for arbitration) *and then citing Jones v. Citibank (S.D.), N.A.*, 235 S.W.3d 333, 340–41 (Tex. App.—Fort Worth 2007, no pet.) ("[s]ubstantially invoking the judicial process may occur when the party seeking arbitration actively tried, but failed, to achieve a satisfactory result in litigation before turning to arbitration")).

For example, in *Hogg*, the party seeking arbitration participated in discovery and engaged in a discovery battle before seeking arbitration. 480 S.W.3d at 790–91. The court concluded Hogg was only willing to do so in a judicial forum "up until the point that she received an adverse ruling from the district court and was faced with the possibility of having the court impose case-crippling sanctions." *Id.* The *Hogg* court found the timing of Ms. Hogg's invocation of the arbitration clause "more consistent with a 'late game tactical decision' than a true intent to preserve the right to compel arbitration." *Id.* at 791. Under those circumstances, the court concluded Ms. Hogg substantially invoked the judicial process before moving for arbitration. *Id.*; *see also Tuscan Builders, LP v. 1437 SH6 L.L.C.*, 438 S.W.3d 717, 722 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (the circumstances surrounding the timing of party's motion to compel were more consistent "with a late-game tactical decision than an intent to preserve the right to arbitrate").

The same analysis applies here. Green allowed all deadlines to pass, engaged in pretrial settlement negotiations, and only sought arbitration when he realized, on the eve of trial, that the case would be tried imminently. The circumstances surrounding the timing of Green's motion to compel indicate the motion was filed as a "Hail Mary" attempt to avoid going to trial. Based on the totality of the circumstances, we conclude the trial judge did not err by implicitly concluding Green substantially invoked the judicial process before seeking to compel arbitration. *See Sivanandam*, 2022 WL 872623, at *5–6 (totality of the circumstances supporting finding of substantial invocation); *see also Hogg*, 480 S.W.3d at 790–91; *Tuscan Builders, LP*, 438 S.W.3d at 722.

## II. Prejudice

Our analysis does not end there, however, because under Texas precedent "substantially invoking the judicial process does not waive a party's arbitration rights unless the opposing party proves that it suffered prejudice as a result." *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (orig. proceeding). Here, Velocity could not resist arbitration on waiver grounds unless it also proved arbitration would prejudice Velocity. *See id.*; *but see Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1714, 212 L. Ed. 2d 753 (2022) (applying federal procedural rules and holding "prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration under the FAA."). We conclude Velocity met its burden to show prejudice.

Prejudice may take the form of "considerable delay, expense, and damage to [the nonmovant's] legal position." *Ellman v. JC Gen. Contractors*, 419 S.W.3d 516, 522 (Tex. App.—El Paso 2013, no pet.); *see also Perry Homes*, 258 S.W.3d at 597. Here, the delay factor includes the thirteen months Velocity spent litigating this case, the two years of Velocity's collection efforts before filing suit, and Green filing the motion to compel only two days before the new trial setting. *See Ellman*, 419 S.W.3d at 522 (prejudice supported by fact that parties seeking arbitration "delayed disposition by switching to arbitration when trial was imminent and arbitration was not"). Commencing arbitration on the eve of trial would have meant indefinite added delay in a case that had already lingered on the court's docket, where all discovery and pleading deadlines had passed, and the case was ready for trial. *See El Paso Healthcare Sys., Ltd. v. Green*, 485 S.W.3d 227, 235 (Tex. App.—El Paso 2016, pet. granted, judgm't vacated w.r.m.) (temporal proximity to trial also weighs in favor of a prejudice finding.); *see also Sivanandam*, 2022 WL 872623, at *6 (citing TEX. R. JUD. ADMIN. 6.1(a)(1) and providing that, so far as reasonably possible, non-family civil jury cases should be brought to trial within eighteen months from appearance date). If the motion to compel was granted, Green would have successfully evaded trial and obtained an opportunity through arbitration to start the litigation process again and further delay repaying the debt. We conclude the record in this case supports a finding of prejudicial delay.

Although the record includes no information concerning cost, "[a] party opposing arbitration is not always required to prove the cost of the extensive discovery in order to prove prejudice." *Ellman*, 419 S.W.3d at 522. Cost is only one dimension of prejudice. Where the movant deploys an arbitration agreement to tactically switch from one forum to another, the non-movant may show prejudice. *Id.* (prejudice found where defendant did not move to arbitrate until plaintiff already revealed trial strategy in pleadings); *see also Hogg*, 480 S.W.3d at 794. For example, when a party seeks to compel arbitration following an adverse event or ruling in the trial court, the non-movant may be prejudiced by a change in its legal position. *Hogg*, 480 S.W.3d at 791, 795. Such unfairness results when a party attempts "to have it both ways by switching between litigation and arbitration to its own advantage[.]" *Perry Homes*, 258 S.W.3d at 597; *see Hogg*, 480 S.W.3d at 790–91. As the Court explained in *Perry Homes*, "'a party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party.'" 258 S.W.3d at 597 (quoting *In re Tyco Int'l Ltd. Sec. Litig.*, 422 F.3d 41, 46 n. 5 (1st Cir.2005)). Under those circumstances, the party opposing arbitration suffers harm to its legal position. *Id.*; *Hogg*, 480 S.W.3d at 794. For example, the *Hogg* court found prejudice where Ms. Hogg did not move for arbitration until she lost a discovery dispute and faced the near certainty of a sanctions order. *Hogg*, 480 S.W.3d at 796.

This Court reached the same conclusion in two recent cases. *Sivanandam*, 2022 WL 872623, at *5–6; *Fast v. Hauk Custom Pools, LLC*, No. 05-21-00165-CV, 2022 WL 278235, at *4 (Tex. App.—Dallas Jan. 31, 2022, no pet.) (mem. op.). In *Fast*, this Court found prejudice where the parties did not move for arbitration until a month before trial and only after discovering they had missed their deadline to conduct discovery. 2022 WL 278235, at *4 ("Thus, the Fasts delayed disposition of the case by switching to arbitration when trial was imminent."). Based on the totality of circumstances, we concluded the trial court did not abuse its discretion in denying the motion to compel arbitration. *Id.* Similarly, in *Sivanandam*, the party did not move to compel arbitration until after he had been sanctioned for destruction of evidence and had unsuccessfully challenged that order via mandamus. 2022 WL 872623, at *5–6. This Court concluded the timing of the motion showed the non-movant suffered harm to its legal position. *Id.* at *6–7. Further, Sivanandam did not move for arbitration until after Themesoft had revealed its trial strategy through witness and exhibit lists filed before a previous trial setting. We concluded that further prejudiced Themesoft. *Id.* (citing *Ellman*, 419 S.W.3d at 522 (recognizing prejudice on this basis)).

The same is true here. Green and Velocity were in settlement negotiations in the weeks leading up to trial. Those negotiations led Velocity to seek a continuance of the April 27, 2020 trial date. When the trial court heard the continuance motion on April 27, 2020, Velocity withdrew the motion and the trial court set trial for April

29, 2020. Only then, when faced with an imminent trial date, did Green file his motion to compel arbitration. The timing of this filing demonstrated an inconsistent intent by Green concerning whether to proceed in the trial court or seek arbitration that harmed Velocity's legal position. *See El Paso Healthcare Sys., Ltd.*, 485 S.W.3d at 235 ("In any event, agreeing to a continuance to facilitate a pretrial settlement, then moving to arbitrate on the eve of trial when a settlement cannot be reached, demonstrated an inconsistent intent as to whether the case would proceed in a judicial forum that prejudiced Green."); *see also LaLonde v. Gosnell*, 593 S.W.3d 212, 229 (Tex. 2019) ("Even assuming none of the above factors is dispositive on its own—not the extent of discovery, not the proximity to trial, not the nearly unprecedented length of delay—all point in the same direction: the Engineers intended to litigate the case on the merits despite their right not to do so. Considering the totality of the circumstances, the Engineers impliedly waived the right to seek dismissal under section 150.002.").

Moreover, by that point in the litigation, Green had failed to respond to discovery, which provided Velocity the opportunity to invoke deemed admissions and obtain judgment in its favor quickly and efficiently. Had Velocity been forced to arbitration, the discovery process would have begun again, leaving Velocity without the benefit of deemed admissions and potentially facing an expensive and lengthy discovery process with the AAA. The timing of Green's motion, thus,

harmed Velocity's legal position. *See Hogg*, 480 S.W.3d at 796; *Fast*, 2022 WL 278235, at *4; *Sivanandam*, 2022 WL 872623, at *6–7.

In sum, the circumstances of this case provide evidence of two of the three prejudice factors: delay and damage to Velocity's legal position. Considering all of the circumstances, the trial judge did not abuse his discretion by implicitly concluding Velocity was prejudiced by Green's substantial invocation of the litigation process before moving to compel arbitration. Accordingly, we overrule Green's sole appellate issue.

## CONCLUSION

Under this record, we conclude Velocity was prejudiced by Green's substantial invocation of the litigation process before moving to compel arbitration. We, therefore, conclude the trial court did not abuse its discretion by denying the motion to compel arbitration. Accordingly, we overrule Green's sole appellate issue, affirm affirm the trial court's April 29, 2020 ruling denying Green's motion to compel arbitration, and affirm the June 2, 2020 final judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Schenck, J., dissenting.

200795F.P05

–17–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SIMEON GREEN, Appellant

No. 05-20-00795-CV     V.

VELOCITY INVESTMENTS, LLC,
ASSIGNEE OF LENDINGCLUB
CORPORATION, Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-04336.
Opinion delivered by Justice Partida-
Kipness. Justices Schenck and
Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee VELOCITY INVESTMENTS, LLC, ASSIGNEE OF LENDINGCLUB CORPORATION recover its costs of this appeal from appellant SIMEON GREEN.

Judgment entered this 25th day of August 2022.