

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DR. MARC ELLMAN, INDIVIDUALLY AND D/B/A SOUTHWEST EYE INSTITUTE, VISTA SURGERY CENTER, LLC, AND AURA DEVELOPMENT, LLC, | § § § § | No. 08-12-00029-CV Appeal from |
| Appellants, | § § | County Court at Law No. 6 of El Paso County, Texas |
| v. | § | |
| JC GENERAL CONTRACTORS, AND JOSE M. CHAVEZ, | § § | (TC # 2009-508) |
| Appellee. | § | |

**O P I N I O N**

Appellants, Dr. Marc Ellman, individually and d/b/a Southwest Eye Institute, Vista Surgery Center, LLC, and Aura Development, LLC, appeal the trial court's denial of their motion to compel arbitration. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On November 9, 2006, JC General Contractors[1] entered into an agreement with Marc Ellman, M.D.[2] for the construction of a shell building along with the surrounding improvements

---

[1] Jose M. Chavez is president of JC General Contractors, Inc. The opinion will refer to JC General Contractors and Chavez collectively as JC.

[2] Dr. Ellman is the manager of Aura Development.

for an ophthalmology clinic and surgical center in El Paso, Texas at a total price of $1,529,603 (the "Shell Contract"). A little over one week later, JC signed a Standard Form Agreement between the owner and design builder and provided it to Dr. Ellman. The Standard Form Agreement contains an arbitration clause requiring Aura Development and JC to arbitrate any disputes according to the clause requirements. Construction began and disputes eventually arose regarding payment and completion of construction.

On January 23, 2009, JC filed its original petition against Appellants alleging theft, conversion, fraud, breach of contract, and defamation. A few days later, Appellants answered the suit, raising special exceptions and affirmative defenses, and counterclaimed for breach of contract, fraud, breach of warranty, and declaratory judgment. From the time the suit was filed until February 2010, the parties engaged in substantial and extensive discovery and the court set the case for trial on July 12, 2010. It is undisputed that both parties initiated discovery during this period. On June 7, 2010, the parties filed a joint motion for continuance on the ground they would not be ready for trial because they needed to conduct additional discovery, including depositions and production of records from third parties, and because the trial court had ordered the parties to attend mediation. The trial court granted the joint motion for continuance. For the next eight months, the parties engaged in additional discovery. In February 2011, the trial court entered an order setting the case for jury trial on January 23, 2012 and for pretrial conference on December 14, 2011. The order required the parties to bring to the pretrial conference their list of witnesses and designated experts, list of exhibits, stipulation of medical records if applicable, and a proposed charge. On February 18, 2011, the trial court also ordered the parties to mediation. The record reflects that the parties continued to engage in discovery from March 4, 2011 through

November of 2011.  On September 23, 2011, JC filed its lists of trial fact witnesses and expert witnesses as required by the scheduling order.

On August 18, 2011, Appellants took the deposition of JC's chief financial officer.  They deposed Jose Chavez, president of JC General Contractors, on September 16, 2011.  On October 11, 2011, thirty-five months after filing suit and approximately three and a half months before the January 23, 2012 trial setting, Appellants sent JC a letter asserting their demand for arbitration.  JC refused because arbitration had not been requested within a reasonable time as required by the arbitration agreement.  Appellants deposed two of JC's former employees on November 2, 2011 and two of its current employees on November 3.  Approximately one week later, on November 9, Appellants filed a motion to compel discovery and a motion to compel arbitration.  They also filed a motion for continuance of the January 23, 2012 trial setting.  In the motion for continuance, Appellants stated:  "Since this matter was previously continued, the parties have conducted *extensive discovery.*"  [Emphasis added].  JC opposed arbitration on the ground that Appellants had waived their right to arbitrate by substantially invoking the judicial process.  Following a hearing conducted on December 16, 2011, the trial court denied the motion to compel arbitration.

## WAIVER OF ARBITRATION

In their sole issue, Appellants contend that the trial court erred by finding they waived their right to arbitration.

### *Applicable Law*

A party seeking to compel arbitration must (1) establish the existence of a valid arbitration agreement; and (2) show that the claims asserted are within the scope of the agreement.  *See In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 605 (Tex. 2005); *Inland Sea,*

*Inc. v. Castro*, --- S.W.3d ---, 2012 WL 1715242 at *2 (Tex.App.--El Paso 2012, pet. denied). If these two showings are made, then the burden shifts to the party resisting arbitration to present a valid defense to the agreement, and absent evidence supporting such a defense, the trial court must compel arbitration. *See In re AdvancePCS*, 172 S.W.3d at 607.

A party waives a right to arbitration by substantially invoking the judicial process to the other party's detriment or prejudice. *Perry Homes v. Cull*, 258 S.W.3d 580, 589-90 (Tex. 2008). Prejudice within the context of waiver relates to the inherent unfairness resulting from a party's attempt to have it both ways by switching between litigation and arbitration to their own advantage. *Perry Homes*, 258 S.W.3d at 597. Thus, prejudice refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue. *Id.*, *citing Republic Insurance Company v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004). JC had the burden to establish that Appellants substantially invoked the judicial process to JC's prejudice. Due to the strong presumption against waiver of arbitration, this hurdle is a high one. *Id.*, at 590.

Whether a party has waived arbitration must be decided on a case-by-case basis, based upon an examination of the totality of the circumstances. *See id*., at 591; *Baty v. Bowen*, --- S.W.3d ---, 2013 WL 2253584 at *4 (Tex.App.--Houston [14th Dist.] 2013, no pet.h.). In making this determination, courts consider a wide variety of factors including:

• whether the party who pursued arbitration was the plaintiff or the defendant;

• how long the party who pursued arbitration delayed before seeking arbitration;

• when the party who pursued arbitration learned of the arbitration clause's existence;

• how much the pretrial activity related to the merits rather than arbitrability or jurisdiction;

• how much time and expense has been incurred in litigation;

• whether the party who pursued arbitration sought or opposed arbitration earlier in the case;

• whether the party who pursued arbitration filed affirmative claims or dispositive motions;

• how much discovery has been conducted and who initiated the discovery;

• whether the discovery sought would be useful in arbitration;

• what discovery would be unavailable in arbitration;

• whether activity in court would be duplicated in arbitration;

• when the case was to be tried; and

• whether the party who pursued arbitration sought judgment on the merits.

*Baty,* --- S.W.3d ---, 2013 WL 2253584 at *4-5, *citing Perry Homes*, 258 S.W.3d at 591-92.

*Standard of Review*

We review a ruling denying a motion to compel arbitration for an abuse of discretion. *Perry Homes*, 258 S.W.3d at 602. Under this standard, we defer to the trial court's factual determinations if they are supported by the evidence and review its legal determinations *de novo*. *Brainard v. State*, 12 S.W.3d 6, 30 (Tex.1999), *disapproved on other grounds by Martin v. Amerman,* 133 S.W.3d 262 (Tex. 2004). Whether a party has waived arbitration by litigation conduct is a question of law, which we review *de novo*. *See Perry Homes*, 258 S.W.3d at 598; *In re ReadyOne Industries, Inc.*, 294 S.W.3d 764, 772 (Tex.App.--El Paso 2009, orig. proceeding).

*Did Appellants Substantially Invoke the Judicial Process?*

The parties do not dispute the validity and existence of the arbitration clause within the Standard Form Agreement or that the issues disputed are within the scope of the agreement as

initially required in order to compel arbitration. The issue is whether JC established its waiver defense.

An examination of the *Perry Homes* factors demonstrates that Appellants substantially invoked the judicial process. Appellants are the defendants in the trial court, but they have also raised affirmative claims for relief by virtue of their counterclaim. Perhaps the most striking of these factors is that Appellants waited almost three years after the suit was filed and two and a half months before the trial date to demand arbitration. Appellants do not dispute they had knowledge of the arbitration clause. As signatories to the Standard Form Agreement, knowledge of the terms of the contractual agreement, including the arbitration clause, is imputed to Dr. Ellman and Aura Development. *See In re ReadyOne Industries*, 294 S.W.3d at 769. The record also reflects that discovery went to the merits of the case, rather than arbitrability or standing. In a motion for continuance filed a few days after they filed their motion to compel arbitration, Appellants asserted the following: "Since this matter was previously continued, the parties have conducted *extensive discovery.*" [Emphasis added]. They also concede in their brief on appeal that Appellants and JC were initiators of the discovery but assert that JC conducted the bulk of it. The record certainly supports Appellants' assertion that JC initiated more discovery than Appellants, but it also shows that Appellants initiated more than a minimal amount of discovery. Appellants do not dispute that they have made 155 requests for production, multiple requests for disclosure, and thirty interrogatories. The record also reveals that Appellants took at least six depositions, including four which were taken only one week before Appellants filed their motion to compel and a mere two and one-half months before the trial date. Appellants suggest in their brief that they did not move for arbitration on the eve of trial, but the Supreme Court has emphasized that "the eve of trial" is not limited to the evening before trial. *Perry Homes*, 258

S.W.3d at 596; *see Com-Tech Associates v. Computer Associates International, Inc.*, 938 F.2d 1574, 1576-77 (2d Cir. 1991)(*citing Perry Homes* and finding waiver where the movant requested arbitration four months before the trial date). Finally, the record shows that Appellants filed a motion for partial summary judgment on several of JC's claims, but Appellants argue this should not be considered as evidence of waiver because it occurred after Appellants filed their motion to compel arbitration. *See In re ReadyOne Industries, Inc*., 294 S.W.3d 764, 772 (Tex.App.--El Paso 2009, orig. proceeding)(refusing to find waiver by engaging in discovery after the demand for arbitration had been made).

Appellants cite three cases in support of the argument they did not substantially invoke the judicial process. Each of these cases is factually distinguishable. The Fifth Circuit found no waiver in *Walker v. J.C. Bradford & Company*, 938 F.2d 575, 578 (5th Cir. 1991) where the defendant engaged in minimal discovery, attended a pretrial conference, and moved to transfer the case during the thirteen-month period before filing a motion to compel arbitration. Appellants, in contrast, waited almost three years to invoke their right to compel arbitration after engaging in extensive discovery that went to the merits of the case.

In *Tenneco Resins, Inc. v. Davy International*, 770 F.2d 416, 420-21 (5th Cir. 1985) the court found no waiver where the defendant had filed an answer, interrogatories, and a request for document production, moved for a protective order, and agreed to a joint motion for a continuance requesting an extension of the discovery period. The defendant waited eight months before moving to compel arbitration. Unlike the facts in the instant case, the defendant there filed a demand for arbitration in its answer, continuously asserted its desire for arbitration throughout the discovery process, and only engaged in a minimal amount of discovery. *Tenneco Resins*, 770 F.2d at 420-21.

Finally, in *General Guaranty Insurance Company v. New Orleans General Agency, Inc.*, 427 F.2d 924, 928-29 (5th Cir. 1970), the court found no waiver of the right to arbitrate where the moving party filed an answer and counterclaims, attempted to implead third parties, and allowed the taking of two depositions over a ten-month period before demanding arbitration. In this case, Appellants had knowledge of the arbitration provision before suit was instituted and they engaged in extensive discovery for almost three years before asserting their right to arbitrate.

We conclude that Appellants substantially invoked the judicial process. The only remaining question is whether JC showed that Appellants' tardy invocation of the right to arbitrate operated to its detriment.

*Prejudice*

Substantially invoking the judicial process does not waive a party's arbitration rights unless the opposing party proves that it suffered prejudice as a result. *Perry Homes*, 258 S.W.3d at 593. A demand for arbitration puts a party on notice that arbitration may be forthcoming, and therefore, affords that party the opportunity to avoid compromising its position with respect to arbitrable and nonarbitrable claims. *Perry Homes,* 258 S.W.3d at 600, *citing Republic Insurance Company v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir.2004). In contrast, where a party fails to demand arbitration and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised or prejudiced. *Id.*

The discovery initiated by JC does not provide a basis for finding prejudice. As the Supreme Court explained in *Perry Homes*, a party who requests lots of discovery is not prejudiced by getting it and taking it to arbitration in the same way as a party who is required to

produce lots of discovery outside the stricter discovery limits in arbitration. *Perry Homes*, 258 S.W.3d at 600. Here, Appellants did not just respond to discovery. They actively initiated discovery on the merits and continued to do so until they filed their motion to compel arbitration in November 2011. In fact, Appellants took four depositions after they sent the letter to JC demanding arbitration and just days before they filed their motion to compel arbitration in the trial court. Appellants concede that substantial discovery on the merits has occurred, but they assert prejudice is not shown because there is no evidence of how much the discovery cost. A party opposing arbitration is not always required to prove the cost of the extensive discovery in order to prove prejudice. *See Perry Homes*, 258 S.W.3d at 599-600 (rejecting dissent's view that prejudice was not proven due to absence of evidence regarding how much the extensive discovery cost). Appellants also waited to make their demand for arbitration until after JC revealed its trial strategy through the filing of its trial fact and expert witness lists. This case presents prejudice in the form of considerable delay, expense, and damage to JC's legal position. Based on the totality of the circumstances, we conclude that Appellants waived the right to arbitrate by substantially invoking the judicial process to the detriment of JC. It is unnecessary to address JC's alternative argument that the trial court properly overruled the motion to compel arbitration because Appellants failed to file the request for arbitration within a reasonable time as required by the arbitration provision. We therefore overrule Appellants' sole issue and affirm the trial court's order denying the motion to compel arbitration.


October 23, 2013
                           ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Larsen, JJ.
Larsen, J. (Senior Judge), sitting by assignment