**AFFIRMED and Opinion Filed March 24, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-21-00645-CV**

_____

**KAMALAKANNAN SIVANANDAM, Appellant**

**V.**

**THEMESOFT, INC., Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-02970**

# MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Garcia

Kamalakannan Sivanandam appeals the trial court's interlocutory order denying his motion to compel arbitration. The central question posed is whether the trial court abused its discretion by implicitly concluding that Sivanandam waived his right to compel arbitration. We hold that the trial court did not abuse its discretion and affirm.

# I. Background

## A. Alleged Facts

Appellee Themesoft, Inc. sued Sivanandam and other defendants. Themesoft alleged the following facts in its second amended petition, which was its live pleading when Sivanandam moved to compel arbitration.

Themesoft, an information-technology consulting company, provides highly trained IT employees to other businesses.

On or about August 16, 2016, Themesoft began employing Sivanandam as an account executive. He primarily developed new clients for Themesoft. However, Sivanandam engaged in various kinds of misconduct, including usurping Themesoft's business opportunities for his own personal gain. In November 2017, Themesoft learned about Sivanandam's misconduct and fired him.

## B. Procedural History

In March 2018, Themesoft sued Sivanandam and Savvyan Technologies, LLC, which Themesoft alleged was a company that Sivanandam claimed to own. Themesoft asserted several claims against Sivanandam based on alleged misconduct that Sivavnandam allegedly committed during and shortly after his business relationship with Themesoft.

Sivanandam and Savvyan Technologies filed a general denial.

The appellate record next contains Sivanandam and Savvayan Technologies' third amended answer, counterclaim, and third-party claim, which was filed in July 2020.

In August 2020, Themesoft filed its second amended petition. That same month, Themesoft also filed a motion seeking sanctions and a spoliation presumption against Sivanandam for alleged destruction of evidence. The trial judge heard that motion on October 30 and November 2, 2020. Although the judge's order granting Themesoft's motion does not appear in our appellate record, it is noted on the computer-generated docket sheet, and Sivanandam unsuccessfully sought mandamus relief from that order. *See In re Sivanandam*, No. 05-20-01062-CV, 2021 WL 1015861, at *1 (Tex. App.—Dallas Mar. 17, 2021, orig. proceeding) (mem. op.) (denying mandamus relief from order granting Themesoft's "spoliation motion").

In May 2021, Sivanandam filed a motion to compel arbitration and stay the litigation. Themesoft and other parties filed a joint response arguing that Sivanandam had waived any right to compel arbitration. The trial judge held a hearing and then signed an order denying Sivanandam's motion. The order does not state any reasons for the judge's decision.

Sivanandam timely perfected this interlocutory appeal from the order denying his motion to compel arbitration. *See* TEX. CIV. PRAC. & REM. CODE §§ 51.016, 171.098(a)(1).

## II. Issues Presented

Sivanandam presents three issues on appeal, which we paraphrase as follows: (1) Whether Sivanandam substantially invoked the litigation process before seeking to compel arbitration; (2) whether Themesoft was prejudiced; and (3) whether Themesoft would gain an unfair tactical advantage if allowed to avoid arbitration.

## III. Standard of Review

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo. *Id*. Whether a party waived its right to arbitrate is a question of law. *Id*.

## IV. Analysis

### A. Preliminary Issues: Agreement to Arbitrate and Choice of Law

Before delving into Sivanandam's issues, we briefly address two preliminary issues.

First, a party seeking to compel arbitration ordinarily bears the initial burden of proving the existence of a valid agreement to arbitrate that covers the claims in question. *See Vectra Infosys, Inc. v. Adema*, No. 05-18-01371-CV, 2019 WL 4051826, at *1 n.3 (Tex. App.—Dallas Aug. 28, 2019, no pet.) (mem. op.). Although Sivanandam does not address this burden in the argument section of his appellate brief, he briefly discusses the arbitration provision and its scope in his statement of

the facts. Because we resolve this case on waiver grounds, we need not and do not consider whether Sivanandam adequately briefed all possible bases for the trial court's ruling.

Second, the parties devote little attention to whether the arbitration agreement in this case is governed by the Federal Arbitration Act or the Texas General Arbitration Act. But we conclude that we need not conduct a choice-of-law analysis because federal law and Texas law are the same with respect to determining whether a party has waived the right to arbitration. *Holmes, Woods & Diggs v. Gentry*, 333 S.W.3d 650, 654 (Tex. App.—Dallas 2009, no pet.).

**B.      Issues One and Two: Did the trial court err by implicitly concluding that Themesoft established the elements of waiver?**

**1.      Applicable Law**

A party waives the right to compel arbitration if (1) the party substantially invokes the judicial process and (2) the opposing party suffers detriment or prejudice as a result. *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008); *Holmes, Woods & Diggs*, 333 S.W.3d at 654. There is a strong presumption against waiver of arbitration. *Perry Homes*, 258 S.W.3d at 590; *see also RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016) (per curiam) (party asserting waiver "bears a heavy burden of proof").

The substantial-invocation element requires the court to consider the totality of the circumstances. *Perry Homes*, 258 S.W.3d at 591. Relevant factors include the following:

- whether the party seeking to compel arbitration is a plaintiff or a defendant in the lawsuit;

- when the party knew of the arbitration clause;

- how long the party waited before seeking arbitration and any reasons for the delay;

- how much discovery has been conducted, who initiated it, whether it related to the merits rather than arbitration or standing, and how much of it would be unavailable or useful in arbitration;

- whether the party sought judgment on the merits;

- whether the party asserted affirmative claims for relief in court;

- the amount of time and expense the parties have expended on litigation;

- whether the discovery conducted would be unavailable or useful in arbitration;

- whether judicial activity would be duplicated in arbitration; and

- when the case was to be tried.

*RSL Funding*, 499 S.W.3d at 430; *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015); *Perry Homes*, 258 S.W.3d at 591. Generally, no single factor is dispositive. *RSL Funding*, 499 S.W.3d at 430. Although substantial invocation must be decided on a case-by-case basis, the *Perry Homes* court suggested that the element would be satisfied if the movant conducted full discovery, filed motions going to the merits, and sought arbitration only on the eve of trial. 258 S.W.3d at 590.

The prejudice prong refers to inherent unfairness in terms of delay, expense, or damage to a party's legal position caused when a party's opponent forces it to

litigate an issue and later seeks to arbitrate the same issue. *Id*. at 597. The party seeking to establish waiver must show the fact of prejudice but is not required to prove its precise extent. *Id*. at 599. And although delay is a factor, mere delay is ordinarily not enough to show prejudice, even if the delay is substantial. *G.T. Leach Builders*, 458 S.W.3d at 515.

> **2.** **Issue One: The trial court did not abuse its discretion by concluding that Sivanandam substantially invoked the judicial process before seeking to compel arbitration.**

Based on our analysis below of the relevant factors, we conclude that the record supports the trial court's implicit conclusion that Sivanandam substantially invoked the judicial process before seeking to compel arbitration.

> **a.** **The Amount of Delay and Sivanandam's Explanation for It**

Themesoft filed this lawsuit on March 2, 2018. Sivanandam answered on April 12, 2018, and moved to compel arbitration May 6, 2021, just over three years later. Thus, the amount of delay in this case is significant. *See Fast v. Hauk Custom Pools, LLC*, No. 05-21-00165-CV, 2022 WL 278235, at *4 (Tex. App.—Dallas Jan. 31, 2022, no pet. h.) (mem. op.) (affirming waiver ruling in case involving two-year delay).

Sivanandam argues, however, that the entire period of delay should not be charged against him because (1) there is no evidence that Sivanandam "knew about the arbitration clause since the day he signed the Handbook" that contained the clause, which was ostensibly in August 2016, and (2) he had no reason to think that

the handbook governed his relationship with Themesoft until August 26, 2020, the date Themesoft filed a motion for sanctions accusing Sivanandam of destroying evidence in violation of the employee handbook. He adds that he conducted no offensive discovery and engaged mainly in defensive pleading and motion practice after Themesoft's sanctions motion invoked the handbook against him.

Themesoft responds that the trial court could have reasonably concluded that Sivanandam knew about the arbitration clause from the time he signed the acknowledgement in August 2016. First, the acknowledgement recites that Sivanandam "received and read a copy of the Themesoft, Inc. Employee Handbook." Courts presume that someone "who has the opportunity to read an arbitration agreement and signs it, knows its contents." *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (per curiam) (orig. proceeding). Additionally, Themesoft's attorney represented at the hearing that the 2016 employee handbook was produced during the litigation in 2018, which is evidence that it was available to Sivanandam at that time. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam) (holding that attorney's factual statements at hearing can be evidence even if not made under oath).[1] Finally, we note that Sivanandam's motion to compel arbitration

---

[1] Themesoft's lawyer prefaced his presentation by saying that he would present both argument and testimony because he had personal knowledge of waiver facts. Sivanandam's lawyer waived having Themesoft's lawyer sworn in but said, "I'm not sure about an attorney providing testimony in this manner, as a fact witness here." The judge replied, "I'm going to allow it. You'll have an opportunity to cross-examine." Although Sivanandam complains in his reply brief about Themesoft's lawyer's testimony, Sivanandam did not challenge it in his opening brief, so we cannot consider those complaints. *See Sanchez v. Martin*, 378 S.W.3d 581, 590 (Tex. App.—Dallas 2012, no pet.) ("[W]e cannot consider matters raised for the first time in a reply brief.").

–8–

affirmatively asserted that he executed the employee handbook containing the arbitration agreement via DocuSign on August 22, 2016.

Sivanandam argues that discrepancies in the evidence suggest that the acknowledgement page he electronically signed in August 2016 did not actually relate to the July 2016 Themesoft employee handbook. He cites four discrepancies:

1.   The handbook has the same "DocuSign Envelope ID" number printed across the top of every page. The acknowledgement signed by Sivanandam has a different DocuSign Envelope ID number printed across the top.

2.   The cover of the handbook bears the legend "Revised July, 2016." The bottom of the signed acknowledgement page bears the legend "Employee Handbook Rev. 4/2013."

3.   The handbook and the acknowledgment are not consecutively Bates numbered. The last page of the handbook bears the Bates number "KAMAL 000081." The acknowledgment page bears the Bates number "THEMESOFT000260."

4.   Four different pages near the end of the handbook have blanks for an employee's signature and printed name. All of the signature lines are blank, but the name "Kamal Khanduja" has been printed in the appropriate line on all four pages.

We conclude that the trial judge, acting as the factfinder on Sivanandam's motion to compel arbitration, was entitled to consider any discrepancies in the evidence and resolve them in Themesoft's favor. Sivanandam bore the threshold burden to establish the existence of an agreement to arbitrate, and at the hearing he introduced into evidence the July 2016 employee handbook and his electronically signed acknowledgment in order to satisfy his burden. Based on those documents and Sivanandam's legal position, the trial judge could reasonably conclude that

(1) in August 2016, Sivanandam and Themesoft agreed to the terms of the July 2016 employee handbook, which contained the arbitration agreement, and (2) Sivanandam thus knew about the arbitration agreement long before Themesoft sued him in 2018. Although Sivanandam asserts that the record shows that he had no reason to think the July 2016 handbook governed his relationship with Themesoft until August 2020, when Themesoft invoked the handbook in its motion for sanctions, he cites nothing in the record substantiating that assertion.

We conclude that the trial court could consider the entire three-year period of delay—from Sivanandam's original answer until his motion to compel arbitration—and all litigation activities during that span for purposes of waiver.

### b.    Discovery

At the hearing of Sivanandam's motion to compel, Themesoft offered and the trial judge admitted into evidence a chart showing the discovery requests that Sivanandam (and other parties) propounded in this case before he moved to compel arbitration. The chart shows that Sivanandam served on Themesoft a request for disclosure, six sets of interrogatories, multiple sets of requests for production containing a total of 272 separate requests,[2] and one set of requests for admissions.

Additionally, Themesoft's lawyer stated at the hearing that Sivanandam noticed more than half of the seventeen depositions taken in the case, that the

---

[2] Themesoft asserts that Sivanandam served 334 requests for production on Themesoft, but the chart seems to show that some of those requests were directed to other parties.

discovery period closed in April 2020, and that discovery had been "fully completed." This is some evidence of those facts. *See Banda*, 955 S.W.2d at 272.

Although there appears to be no direct evidence that the extensive discovery documented by Themesoft in its chart was directed to the merits rather than to arbitration or standing, the trial court could reasonably infer that it was directed to the merits. Sivanandam did not move to compel arbitration until May 2021, several months after the last discovery activity noted on Themesoft's chart and over a year after the discovery period had closed. Thus, discovery had already been completed before arbitration became an issue in the case.

The amount of discovery performed in this case—and particularly the amount of discovery propounded by Sivanandam—supports the substantial-invocation element of waiver.

### c.    Other Factors

Seeking judgment on the merits is indicative of waiver. *Perry Homes*, 258 S.W.3d at 592. At the hearing, Themesoft introduced into evidence a chart showing Sivanandam's litigation activity in the case, including two motions for summary judgment that he filed in 2020 against Themesoft. This supports a conclusion of waiver.

Asserting affirmative claims for relief in court can support waiver, but asserting compulsory counterclaims is less indicative of waiver. *See RSL Funding*, 499 S.W.3d at 430–31. In this case, Sivanandam filed counterclaims against

–11–

Themesoft, but Themesoft did not demonstrate whether those counterclaims were permissive or compulsory. Thus, this factor does not strongly support a determination that Sivanandam substantially invoked the judicial process.

Sivanandam sought mandamus relief from this Court before seeking arbitration. Seeking mandamus appellate review is judicial activity unavailable in arbitration, and it supports a determination of substantial invocation. *Adams v. StaxxRing, Inc.*, 344 S.W.3d 641, 650 (Tex. App.—Dallas 2011, pet. denied).

The amount of time and expense the parties have expended in litigation is a factor bearing on the waiver issue. *RSL Funding*, 499 S.W.2d at 430. As previously noted, this case had been pending for over three years when Sivanandam moved to compel arbitration. Themesoft's attorney stated at the hearing that Themesoft had incurred over $290,000 in attorney's fees in this litigation. This is some evidence in favor of the substantial-invocation element.

Finally, Themesoft's attorney stated at the July 2, 2021 motion-to-compel hearing that the case had been set for trial nine times, that the parties had filed witness lists and exhibit lists for a prior trial setting in December 2020, and that the case was currently set for trial in August 2021. These facts also support a conclusion that Sivanandam substantially invoked the judicial process before he filed his May 2021 motion to compel arbitration. *See Fast*, 2022 WL 278235, at *3 ("when the case was to be tried" is a factor bearing on the substantial-invocation element of waiver).

### d. Conclusion

The *Perry Homes* court indicated that the substantial-invocation element of waiver is established if a party conducts full discovery, files motions that address the merits, and seeks arbitration only on the eve of trial. 258 S.W.3d at 590. As shown above, the record supports a conclusion that Sivanandam did essentially that in this case. Based on the totality of the circumstances, we conclude that the trial judge did not err by implicitly concluding that Sivanandam substantially invoked the judicial process before seeking to compel arbitration. *See Ideal Roofing, Inc. v. Armbruster*, No. 05-13-00446-CV, 2013 WL 6063724, at *6–8 (Tex. App.—Dallas Nov. 18, 2013, no pet.) (mem. op.) (concluding that the substantial-invocation element was met on facts comparable to the instant case); *Ellman v. JC Gen. Contractors*, 419 S.W.3d 516, 520–21 (Tex. App.—El Paso 2013, no pet.) (same). We overrule Sivanandam's first issue on appeal.

### 3. Issue Two: The trial court did not abuse its discretion by concluding that Themesoft was prejudiced by Sivanandam's litigation conduct.

We also conclude that the trial court did not abuse its discretion by implicitly concluding that Themesoft had been prejudiced by Sivanandam's substantial invocation of the judicial process as described above.

Sivanandam argues that Themesoft was not unfairly prejudiced by the discovery that took place because both sides utilized judicial discovery procedures that would not be available in arbitration. He further contends that Themesoft's total

attorney's fees should not be counted as prejudice but only the fees Themesoft spent (1) defending any non-compulsory counterclaims Sivanandam brought and (2) on legal services that will be of no use in arbitration. Sivanandam asserts that Themesoft presented no evidence segregating its fees in this fashion.

We are not persuaded. As noted above, prejudice factors include delay, expense, and damage to a party's legal position resulting from a switch from litigation to arbitration. *Perry Homes*, 258 S.W.3d at 597.

In this case, the delay factor includes not only the three years that Themesoft has spent litigating this case but also the fact that the case was only about three months away from a trial setting when Sinvanandam finally moved to compel arbitration—and one month away when the motion to compel was heard. *See id.* (prejudice supported by fact that parties seeking arbitration "delayed disposition by switching to arbitration when trial was imminent and arbitration was not"). Commencing arbitration at that late juncture would have meant indefinite added delay in a case that had already lingered on the court's docket for over three years. *See* TEX. R. JUD. ADM. 6.1(a)(1) (providing that, so far as reasonably possible, non-family civil jury cases should be brought to trial within eighteen months from appearance date).

As for expense, Sivanandam is correct that Themesoft did not segregate its attorney's fees spent in litigating the case. However, Themesoft introduced evidence of the extensive discovery that had taken place in the case and of the fact that

Sivanandam noticed more than half of the depositions taken. The trial court could reasonably infer that some portion of Themesoft's litigation expenses, particularly expenses related to discovery, probably would have been saved had Sivanandam promptly sought to compel arbitration. As the *Perry Homes* court noted, the absence of broad discovery in arbitration is "one of its most distinctive features." 258 S.W.3d at 599 (footnote omitted). And again, Themesoft was required to prove only the fact of prejudice, not its extent. *See id*.; *see also Ellman*, 419 S.W.3d at 522 ("A party opposing arbitration is not always required to prove the cost of . . . extensive discovery in order to prove prejudice.").

Finally, we consider whether Themesoft showed any harm to its legal position. We conclude that it did. First, Sivanandam did not move to compel arbitration until after he had been sanctioned for destruction of evidence and had unsuccessfully challenged that order via mandamus. This fact supports a finding of prejudice. *See Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 796 (Tex. App.—El Paso 2015, no pet.) (finding prejudice where party did not move for arbitration until she lost a discovery dispute and faced the near-certainty of a sanctions order); *see also Fast*, 2022 WL 278235, at *4 (finding prejudice where parties did not move for arbitration until after discovering they had missed their deadline to conduct discovery). Moreover, Themesoft's attorney asserted at the motion-to-compel hearing that (1) the parties had previously filed witness and exhibit lists before a previous trial setting and (2) Themesoft would not have been

required to marshal its evidence that way in arbitration. Thus, Sivanandam did not move for arbitration until after Themesoft had revealed its trial strategy, which further prejudiced Themesoft. *See Ellman*, 419 S.W.3d at 522 (recognizing prejudice on this basis).

In sum, there is evidence of all three prejudice factors. The trial judge did not abuse her discretion by implicitly concluding that Themesoft was prejudiced by Sivanandam's substantial invocation of the litigation process before moving to compel arbitration. We overrule Sivanandam's second issue.

**C.     Issue Three: Is Themesoft's waiver argument barred because Themesoft would gain an unfair tactical advantage if allowed to avoid the arbitration clause?**

In Sivanandam's last issue, he argues that the trial court's waiver ruling gives Themesoft an unfair tactical advantage. He asserts that Themesoft could have sued Sivanandam for breach of the 2016 employee handbook from the very beginning of the case, but instead Themesoft waited over two years and then invoked the handbook for the first time in its motion for spoliation sanctions. Meanwhile, Sivanandam contends, he had "no reason" to think that the handbook was the parties' operative agreement or that he could invoke its arbitration provision.

Themesoft responds that whether it receives a "tactical advantage" is simply not a component of the waiver analysis, pointing out that Sivanandam cites no legal authority in support of his third issue.

In his reply brief, Sivanandam characterizes his third issue as an aspect of waiver's prejudice requirement, arguing that it "makes little sense" to analyze whether his delay in asserting arbitration gave him a tactical advantage without considering whether Themesoft's conduct itself manipulated the litigation process.

We reject Sivanandam's argument. Sivanandam argues that he had no reason to think that the 2016 employee handbook, with its arbitration provision, governed his relationship with Themesoft. The trial court was free to conclude otherwise in light of (1) Sivanandam's assertion in his motion to compel that he executed the 2016 handbook in August 2016, (2) Sivanandam's reliance on the 2016 handbook at the hearing, and (3) Themesoft's assertion that the 2016 handbook had been produced in this litigation in 2018. Thus, even assuming Sivanandam correctly interprets the law of waiver, the record does not bear out his contention that Themesoft unfairly ambushed Sivanandam with the 2016 handbook late in the case.

We overrule Sivanandam's third issue on appeal.

## V. Conclusion

Having overruled all of Sivanandam's issues on appeal, we affirm the trial court's order denying his motion to compel arbitration.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210645F.P05

–17–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KAMALAKANNAN
SIVANANDAM, Appellant

No. 05-21-00645-CV     V.

THEMESOFT, INC., Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-02970.
Opinion delivered by Justice Garcia.
Justices Carlyle and Smith
participating.

In accordance with this Court's opinion of this date, the trial court's July 2, 2021 Order Denying Defendant Kamalakannan Sivanandam's Motion for Stay of Litigation and to Compel Arbitration is **AFFIRMED**.

It is **ORDERED** that appellee Themesoft, Inc. recover its costs of this appeal from appellant Kamalakannan Sivanandam.

Judgment entered this 24th day of March 2022.