

## NUMBER 13-23-00483-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

REMEDY ROOFING, INC.,                                                      Appellant,

v.

JAVIER PEREZ,                                                                    Appellee.

## ON APPEAL FROM THE 92ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellant Remedy Roofing, Inc. (Remedy) appeals an order denying its motion to compel arbitration. By a single issue, Remedy argues that the trial court abused its discretion in denying its motion to compel arbitration. We affirm.

### I. BACKGROUND

On October 27, 2021, Remedy and appellee Javier Perez entered into a residential

construction contract. Perez agreed to compensate Remedy to perform work on the roof of his home. The contract indicated that the "Total Proposal Price" was $49,148.26 and contained an arbitration clause, which provided in relevant part:

> All disputes and claims between Owner and Contractor concerning this Contract which either party believes cannot be resolved informally or first through mandatory mediation, which is a condition precedent to the ability of either party to assert a formal claim, including without limitation any warranty claims, shall be resolved by binding arbitration conducted by a single arbitrator under the auspices, rules[,] and procedures of the American Arbitration Association. No discovery shall be allowed except as may be agreed to in writing by the parties. Either party may demand arbitration, or the arbitrator's final award shall be issued within ninety (90) days after service of the arbitration demand on the other party.

On December 27, 2021, Remedy invoiced Perez for services and materials totaling $74,117.83. Perez did not tender payment. On February 22, 2022, Remedy's counsel sent Perez a letter demanding he tender full payment under the contract. However, Perez did not tender payment. On March 11, 2022, Remedy's owner, Greg Arnim, filed an affidavit claiming a mechanic's and materialman's lien against Perez's home. On March 23, 2022, Remedy filed its original petition against Perez, alleging claims of breach of contract, quantum meruit, unjust enrichment, violations of the Prompt Pay Act under the Texas Property Code, and seeking foreclosure of its lien against Perez's property. *See* TEX. PROP. CODE ANN. § 28.002. Perez filed his original answer on April 14, 2022.

On June 10, 2022, Remedy filed its first motion for traditional summary judgment. On June 16, 2022, the trial court set a hearing for the summary judgment motion. During the next eight months, the trial court reset this hearing numerous times while Perez twice retained counsel, only for counsel to subsequently withdraw. After he retained counsel for a third time, Perez filed his "Original Counter-Claim and Supplemental Answer" on

2

April 4, 2023. On the same day, Perez filed his response to Remedy's motion for traditional summary judgment, alleging that Remedy did not complete the project, that Remedy's work was not properly done, and that the "contract price sued upon was never agreed to." Perez attached an affidavit and photos as part of his response. The trial court held a hearing[1] on Remedy's motion for summary judgment on April 11, 2023, and signed and entered its order denying Remedy's motion on April 17, 2023. Remedy filed its original answer to Perez's counter-claims on April 19, 2023.

On April 20, 2023, Remedy filed its second motion for traditional summary judgment. This second motion essentially mirrored its first, but also alleged that Perez had admitted facts establishing Remedy's claims by failing to respond to its requests for admissions. On May 15, 2023, Remedy filed an amended second motion for traditional summary judgment with additional attachments. On May 26, 2023, Remedy filed a second-amended second motion for traditional summary judgment. On May 31, 2023, Perez filed his objections and response to Remedy's amended and second-amended second motion for traditional summary judgment.

On June 26, 2023, the trial court entered a "Proposed Docket Control Order for Bench Trial." This proposed docket control order indicated, among other things, that the discovery period would end on September 11, 2023, and that trial would commence on October 10, 2023. On August 14, 2023, the trial court signed and entered its order denying Remedy's second-amended second traditional motion for summary judgment.

On August 28, 2023, Remedy filed its designation of rebuttal expert witnesses.

---

[1] The transcript of this hearing is not included in the appellate record.

3

Two days later, on August 30, 2023, Remedy filed its motion to compel arbitration and plea in abatement with accompanying exhibits. In its filing, Remedy claimed that it had not waived its right to arbitration pursuant to the contract.

On August 31, 2023, Perez filed a combined response to Remedy's motion to compel arbitration and plea in abatement, and his own motion to stay arbitration. In this filing, Perez alleged that the United States Supreme Court's decision in *Morgan v. Sundance, Inc.* eliminated the need for a showing of prejudice from a party resisting arbitration pursuant to a contract provision containing an arbitration clause. *See* 596 U.S. 411, 417–19 (2022). Perez further asserted, among other things, that Remedy waived its right to arbitration under the *Morgan* standard and the previous "heavy burden" standard. On September 5, 2023, Perez filed a supplemental response. On the same day, Remedy filed its reply to Perez's response, a motion to exclude expert testimony offered by Perez, and an unopposed motion for continuance for the original trial setting due to a scheduling conflict with another trial setting of a different lawsuit predating the instant case.

On September 8, 2023, Perez filed a sur-reply to Remedy's response. On September 11, 2023, Perez filed his motion for "anti-suit injunction, [temporary restraining order,] and temporary injunction, or alternatively motion to abate arbitration proceeding."[2]

On September 14, 2023, Remedy filed its "Motion to Strike Perez's Supplemental Expert Designation, Subject to Motion to Compel Arbitration." On October 5, 2023, Perez filed his supplement response to Remedy's motion to compel arbitration. On October 6,

---

[2] In this filing, Perez alleged that, "Despite this clear opposition, and despite that this Court had yet to rule if arbitration was appropriate, Remedy nevertheless proceeded with initiating arbitration, apparently falsely representing to the American Arbitration Association that Perez was in agreement."

4

2023, Remedy filed its trial brief in support of its motion to compel arbitration. On the same day, Perez filed his second sur-reply.

On October 18, 2023, the trial court signed and entered its order denying Remedy's motion to compel arbitration.[3] This appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098.

## II. STANDARD OF REVIEW & APPLICABLE LAW

In its sole issue, Remedy argues that the trial court abused its discretion when it denied its motion to compel arbitration.

"We review a trial court's order denying a motion to compel arbitration for abuse of discretion." *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018) (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009) (orig. proceeding)). "A trial court abuses its discretion when a decision is arbitrary, unreasonable, and without reference to guiding principles." *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding) (citation omitted). "Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo." *In re Labatt Food Serv., L.P.*, 279 S.W.3d at 643 (citations omitted). "Whether the claims in dispute fall within the scope of a valid arbitration agreement and whether a party waived its right to arbitrate are questions of law, which are reviewed de novo." *Henry*, 551 S.W.3d at 115 (first citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d at 643; and then citing *Perry Homes v. Cull*, 258 S.W.3d 580,

---

[3] The appellate record indicates that the trial court conducted a hearing on October 5, 2023, and October 12, 2023, regarding Remedy's motion to compel arbitration. However, the parties did not include the hearings as part of the appellate record.

5

598 & n.102 (Tex. 2008)).

Because the trial court did not issue findings of fact or conclusions of law, we must uphold the trial court's decision on any appropriate legal theory urged below. *See Bonded Builders Home Warranty Ass'n of Tex. v. Rockoff*, 509 S.W.3d 523, 531–32 (Tex. App.— El Paso 2016, no pet.). Further, because a trial court errs if it denies a motion to compel arbitration on a ground not raised by the resisting party, we may affirm a trial court's refusal to compel arbitration only if one of the grounds presented by the resisting party is valid. *See APC Home Health Servs., Inc. v. Martinez*, 600 S.W.3d 381, 389 (Tex. App.— El Paso 2019, no pet.).

A party seeking to compel arbitration must establish the existence of a valid arbitration agreement and that the claims at issue fall within the scope of that agreement. *See Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222, 227 (Tex. 2014). If the party seeking to compel arbitration meets this burden, the burden shifts, and to avoid arbitration, the party opposing it must prove an affirmative defense to the provision's enforcement, such as waiver. *See id.* To establish an implied waiver, the nonmovant has the burden to demonstrate that the movant (1) substantially invoked the judicial process in a manner inconsistent with his claimed right to compel arbitration, and (2) suffered actual prejudice as a result of this inconsistent conduct. *See Henry*, 551 S.W.3d at 116. "Due to the strong presumption against waiver of arbitration, this hurdle is a high one." *Perry Homes*, 258 S.W.3d at 590.

To determine whether a party has waived arbitration, we look to the totality of the circumstances and consider a wide variety of non-exclusive factors, including:

(1)   how long the party moving to compel arbitration waited to do so;

6

(2)    the reasons for the movant's delay;

(3)    whether and when the movant knew of the arbitration agreement during the period of delay;

(4)    how much discovery the movant conducted before moving to compel arbitration, and whether that discovery related to the merits;

(5)    whether the movant requested the court to dispose of claims on the merits;

(6)    whether the movant asserted affirmative claims for relief in court;

(7)    the extent of the movant's engagement in pretrial matters related to the merits (as opposed to matters related to arbitrability or jurisdiction);

(8)    the amount of time and expense the parties have committed to the litigation;

(9)    whether the discovery conducted would be unavailable or useful in arbitration;

(10)  whether activity in court would be duplicated in arbitration; and

(11)  when the case was to be tried.

*G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015) (cleaned up) (citing *Perry Homes*, 258 S.W.3d at 590–91); *see Ellman v. JC Gen. Contractors*, 419 S.W.3d 516, 520 (Tex. App.—El Paso 2013, no pet.) (describing these as the "*Perry Homes* factors"). In general, no single factor is dispositive. *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). Nor must all or even most of these factors be present to support waiver. *See Perry Homes*, 258 S.W.3d at 591. Courts look to the specific circumstances of each case. *Henry*, 551 S.W.3d at 116. However, "key factors" that the Texas Supreme Court has identified "include the reason for delay in moving to enforce arbitration, the amount of discovery conducted by the movant, and whether the movant

7

sought disposition on the merits." *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575 (Tex. 2014) (per curiam).

To establish waiver, the party opposing arbitration must also show that it has been prejudiced by the moving party's delay in moving to compel arbitration.[4] *See Perry Homes*, 258 S.W.3d at 595. In this context, "prejudice refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id.* at 597 (citation omitted). Such unfairness results when a party attempts "to have it both ways by switching between litigation and arbitration to its own advantage[.]" *Id.* The nonmovant must show the fact of prejudice, but not its extent. *Id.* at 599.

### III.    DISCUSSION

#### A.    Valid Arbitration Agreement

The record supports, and the parties do not dispute, that the residential construction contract at issue contains an arbitration clause, and that the claims at issue fall within the scope of that contract. *See Venture Cotton Co-op.*, 435 S.W.3d at 227.

#### B.    Substantial Invocation of Judicial Process

Remedy argues that it did not substantially invoke the judicial process and

---

[4] The United States Supreme Court recently held in 2022 that "prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration under the [Federal Arbitration Act]." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022). The parties do not apply *Morgan* in their arguments regarding prejudice. We assume for purposes of this opinion that the Supreme Court's opinion in *Morgan* did not abrogate the rule in Texas that a party waives enforcement of an arbitration clause by substantially invoking the judicial process and the opposing party suffers prejudice. *See F.T. James Constr., Inc. v. Hotel Sancho Panza, LLC*, 657 S.W.3d 623, 635 (Tex. App.—El Paso, 2022 no pet.) (acknowledging *Morgan* but applying Texas law requiring a finding of prejudice when arbitration is waived for substantially invoking the judicial process); *see also Logicorp Mexico SA de CV v. Andrade*, No. 13-21-00243-CV, 2023 WL 406286, at *8 n.4 (Tex. App.—Corpus Christi–Edinburg Jan. 26, 2023, pet. denied) (mem. op.) (assuming but not deciding that "*Morgan* did not abrogate the rule in Texas that a party waives enforcement of a forum selection clause only if the opposing party suffers prejudice").

therefore did not waive its right to arbitration. In support of its argument, Remedy asserts that it "exchanged minimal discovery in this lawsuit" and that "mere delay in moving to compel arbitration is not enough for waiver." We disagree.

Remedy initiated the lawsuit in the trial court below and subsequently moved to compel arbitration. The Texas Supreme Court warns about placing undue importance on a party sitting as a plaintiff who filed suit because "Texas procedure . . . contemplates that parties may file suit in order to compel arbitration." *Perry Homes*, 258 S.W.3d at 592 (citing TEX. CIV. PRAC & REM. CODE ANN. § 171.021(a) ("A court shall order the parties to arbitrate on application of a party showing: (1) an agreement to arbitrate; and (2) the opposing party's refusal to arbitrate.")). However, the record demonstrates that Remedy sought to compel arbitration over seventeen months after it had filed its original petition against Perez and participated in pretrial activity during that time period. In its appellate brief, Remedy does not deny that it was aware of the arbitration clause during the period of delay[5] but attributes that delay solely to Perez, citing his failure to respond to its discovery requests, his "refus[al] to cooperate with Remedy in resolving this dispute," and that Perez "has been represented by three separate attorneys." We do not find that this reasoning excuses Remedy's delay because none of this conduct prevented Remedy from seeking arbitration earlier. Accordingly, we find the following factors weigh in favor of waiver: how long Remedy waited to move for arbitration; the reasons for its delay; and Remedy's knowledge of the arbitration provision during the period of delay. *See G.T.*

---

[5] We presume a party, like Remedy, who has the opportunity to read a contract containing an arbitration clause and signs it, knows its contents. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (per curiam).

9

*Leach Builders, LLC*, 458 S.W.3d at 512.

The record also indicates that Remedy filed its motion to compel arbitration less than five weeks *before* trial on the merits was set to commence.[6] While five weeks is not the "eve of trial," this factor, combined with the length of delay in filing a motion to compel arbitration, allows us to consider the proportion of time between the initiation of the lawsuit, the filing of the motion to compel arbitration, and the trial date. *See Perry Homes*, 258 S.W.3d at 596; *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 764 (Tex. 2006) (orig. proceeding) (per curiam) (citing *Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 938 F.2d 1574, 1576–77 (2d Cir. 1991) (holding arbitration was waived when request did not come until eighteen months after filing and four months before trial)). Here, we note the seventeen months between the initiation of the lawsuit and Remedy's motion to compel arbitration, and the five weeks between the motion and the trial date. We conclude that these two factors, when taken together, weigh in favor of a finding of waiver. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 512; *Perry Homes*, 258 S.W.3d at 596; *F.T. James Constr., Inc. v. Hotel Sancho Panza, LLC*, 657 S.W.3d 623, 632 (Tex. App.—El Paso, 2022 no pet.) (comparing the near twelve months between the initiation of the lawsuit and the apellant's motion to compel with the ten months remaining until the trial date and concluding these factors, when taken together, weighed slightly in favor of a finding of a waiver).

Although substantial delay and pretrial activity often do not rise to the level of

---

[6] In its motion to compel arbitration, Remedy stated it sought to invoke the arbitration clause "in light of Perez's election to assert counterclaims against it." We note that Perez filed his counter-claims on April 4, 2023, over three months before Remedy filed its motion.

conduct warranting waiver of the right to arbitrate, whether the movant previously attempted to dispose of the litigation on the merits "ordinarily is a key factor in assessing a waiver defense." *Pounds v. Rohe*, 592 S.W.3d 549, 554 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Richmont Holdings*, 455 S.W.3d at 575). Prior to moving to compel arbitration, Remedy sought a determination on the merits by filing several motions for traditional summary judgment.[7] "[A]n attempt to resolve the merits and still retain the right to arbitration is clearly impermissible." *Id.* at 556 (internal quotations omitted) (cleaned up). Moving for summary judgment or seeking a final resolution of the dispute are examples of impermissible conduct. *See id.* We note that when Remedy filed its motions for summary judgment, it was done offensively and not defensively, and the trial court signed and entered two orders dening the motions *in toto*. "[F]ailing to seek arbitration until after proceeding in litigation to an adverse result is the clearest form of inconsistent litigation conduct and is inevitably found to constitute substantial invocation of the litigation process resulting in waiver." *Haddock v. Quinn*, 287 S.W.3d 158, 180 (Tex. App.—Fort Worth 2009, pet. denied), *abrogated on other grounds by TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694 (Tex. 2023); *see also Accord Bus. Funding, LLC v. Ellis*, 625 S.W.3d 612, 618 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (holding movant waived right to arbitration where it "delayed seeking arbitration until it was clear that it would receive an adverse result" in litigation). We conclude this factor weighs heavily in favor of waiver. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 512.

Remedy asserts that minimal discovery was conducted in this case. Perez

---

[7] Remedy filed its motion to compel arbitration a little over two weeks *after* the trial court had entered its second order denying his second-amended second summary judgment motion.

concedes that discovery was limited and asserts that none of it would be useful or available in arbitration. We note that the arbitration clause at issue provides that, "No discovery shall be allowed except as may be agreed to in writing by the parties." Though the discovery factors do not favor waiver, the totality of the circumstances presented by this case, as shown by the factors discussed above, demonstrate that Remedy substantially invoked the judicial process. *See Perry Homes*, 258 S.W.3d at 597; *G.T. Leach Builders, LLC*, 458 S.W.3d at 512.

## C.    Prejudice

Remedy argues that Perez failed to prove he suffered prejudice. We disagree. Where a party fails to demand arbitration and, in the meantime, engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised or prejudiced. *Perry Homes,* 258 S.W.3d at 600. Prejudice may take the form of considerable delay, expense, and damage to the nonmovant's legal position. *See Ellman*, 419 S.W.3d at 522; *see also Perry Homes*, 258 S.W.3d at 597.

One factor in our analysis is the considerable delay involved here, which weighs in favor of prejudice. Remedy filed its arbitration request over seventeen months after initiating its lawsuit, and we have already found its explanation for its delay unavailing. In addition, the temporary proximity to trial weighs in favor of a prejudice finding. As noted above, Remedy's motion to compel arbitration was filed less than two weeks before the end of the discovery period and five weeks before trial was set to commence. While the record indicates that Remedy filed an unopposed motion for continuance of the trial, it did not do so until *after* it had filed its motion to compel arbitration. Remedy's filing of its

12

motion to compel arbitration ensured, five weeks prior to trial, that it could, in all likelihood, successfully evade a trial on the merits—an event seventeen months in the making—regardless of how the trial court ruled. If the motion was granted, Remedy could successfully change forums and avoid a bench trial;[8] if not, it could force an interlocutory appeal that would further delay the case until the matter was submitted for appellate consideration more than ten months later.

Remedy argues that it did not use the judicial process "to gain access to information that would not have been discoverable in arbitration." We find this argument problematically speculative because the arbitration clause of the contract at issue provides that, "No discovery shall be allowed *except as may be agreed to in writing by the parties*." (Emphasis added). There is no evidence in the record demonstrating what discovery the parties would agree to had the parties arbitrated the case upon Remedy's request. As such, we cannot assume that Perez would have been placed in the same position vis-à-vis discovery had the parties arbitrated the case from the outset. We note that the parties do appear to agree that discovery was not extensive in this case. Accordingly, in our view, discovery and its attendant costs do not provide a basis to find prejudice in this case. However, "[a] party opposing arbitration is not always required to prove the cost of . . . extensive discovery in order to prove prejudice." *Ellman*, 419 S.W.3d at 522 (citing *Perry Homes*, 258 S.W.3d at 599–600).

Remedy also argues that Perez did not suffer prejudice by incurring substantial

---

[8] The contract at issue contained a waiver of jury trial, which provided the following: "The parties agree that any disputes between them shall be resolved by a court of competent jurisdiction in the county where the Property is located without the use of a jury. The right to a trial by jury is hereby expressly waived by Owner and Contractor."

attorney's fees in the litigation. In connection to this assertion, Remedy argues that Perez did not provide billing invoices demonstrating the amount of litigation expenses Perez "has already paid." However, despite the lack of billing invoices, the record is not silent on this matter. Perez's first response to Remedy's arbitration request, filed one day after Remedy's arbitration request, included a declaration from his counsel, who stated, among other things, the following:

> The arbitration clause specifies that no parties may engage in discovery unless agreed. This condition, as well as the arbitration process in general, would have meant significantly less attorney fee['s] claimed by Remedy as well as incurred by[ ]Perez.[ ]Perez has paid me more than $3,000.00 and my time records show attorney time to be charged of over $7,000.00 additional[.] I expect there to be more in this litigation. These amounts would not have been incurred had Remedy proceeded to arbitration rather than this litigation and would have overall resulted in less than 1/2 the charges to Perez on my end. Additionally, Remedy has asserted close to $25,000.00 in attorney's fees in this litigation which it seeks to have[ ]Perez pay. The vast majority of this amount would not have been incurred by Remedy had it chosen arbitration from the outset and had Remedy not engaged in the various failed motion practice in this litigation.

In addition, Perez attached a supplemental declaration of his counsel on October 6, 2023, as part of his second sur-reply, which indicated that Perez had accrued more than $12,000 in attorney's fees and that he was on a payment plan because "he does not have the financial capacity to pay thousands in attorney's fees at once." Further, counsel stated in his declaration that, "Given my experience with arbitration, my attorney's fees seldom exceed $8,500.00[–]$10,000.00 on matters of this size, and it is my opinion that[ ]Perez has already paid or incurred attorney's fees substantially in excess of what he would have paid had this matter gone straight to arbitration."

Remedy argues that these declarations violate the "best evidence rule" and rule against hearsay. *See* TEX. R. EVID. 802, 1004. However, nothing in the record indicates

14

that Remedy lodged any objections to these declarations and has therefore waived this argument. *See* TEX. R. APP. P. 33.1(a)(1).

Remedy also argues that the amount of litigation fees that Perez has incurred in this case is not "substantial," and it cites to a case involving litigation fees in excess of $200,000. *See In re Vesta*, 192 S.W.3d at 760–764 (addressing waiver of arbitration in a case involving an insurance company and an independent agent). We do not find *Vesta* factually analogous. Remedy also asserts that "[a]ll cases that have addressed the factor of expense the parties have committed to litigation have looked at the total amount irrespective of a party's financial status," and cites three cases as examples. We find this argument unsupported by the cited cases and flawed because our review of whether Remedy waived arbitration requires us to apply a totality of the circumstances test, which we conduct on a case-by-case basis. *Perry Homes*, 258 S.W.3d at 590. Regarding the litigation conduct factor of this test, the Texas Supreme Court has stated, "How much litigation conduct will be 'substantial' depends very much on the context." *Id.* at 593. Similarly, we conclude that whether the amount of litigation expenses are "substantial" also depends on the context. Here, the supplemental declaration of Perez's counsel stated that Perez had accrued more than $12,000 in litigation expenses, that this was an amount in excess what he would have paid had the matter "gone straight to arbitration," and that Perez had to enter into a payment plan with counsel because he did not have the financial capacity to pay "thousands in attorney's fees at once." In other words, the supplemental declaration supports a finding that the litigation expenses incurred were "substantial" to Perez.

Remedy next argues that Perez failed to "present any evidence showing the nature

15

of fees incurred, how much of those fees were attributable to Remedy, or whether those fees or costs were for matters that could not be used in arbitration." While counsel for Perez's declarations do not address these details, we cannot conclude that there was insufficient evidence to support a finding of prejudice based on considerable expense. Moreover, although proof of prejudice is required to support a claim that a party waived arbitration, "proof establishing the precise extent of that prejudice is not." *Id.* at 599–600.

We are mindful that cost is only one dimension of prejudice. Where the movant deploys an arbitration agreement to tactically switch from one forum to another, the nonmovant may show prejudice. *See Ellman*, 419 S.W.3d at 522 (finding prejudice where defendant did not move to arbitrate until plaintiff already revealed trial strategy in pleadings); *see also Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 793 (Tex. App.—El Paso 2015, no pet). Here, Perez was forced to respond to Remedy's summary judgment motions and was therefore obligated to present evidence to defeat its motions, providing Remedy with a preview of the evidentiary and legal theories Perez purports to present at a trial on the merits, including information concerning the basis of Perez's counter-claims in the process. The record also indicates that Perez provided Remedy with an expert witness designation before Remedy filed its arbitration request, further revealing Perez's trial strategy.[9] Thus, the record supports a finding that Perez's legal position was damaged.

This case presents prejudice in the form of considerable delay, expense, and

---

[9] On September 5, 2013, Remedy filed a motion to strike Perez's expert designation. The trial court's docket sheet does not indicate that it ruled on this motion prior to denying Remedy's motion to compel arbitration or prior to Remedy filing its notice of appeal in this case.

16

damage to Perez's legal position. *See Ellman*, 419 S.W.3d at 522; *see also Perry Homes*, 258 S.W.3d at 597. Based on the totality of the circumstances, we conclude that Remedy waived the right to arbitrate by substantially invoking the judicial process to Perez's prejudice. We overrule Remedy's sole issue and affirm the trial court's order denying the motion to compel arbitration.

## IV. CONCLUSION

The trial court's judgment is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed on the
29th day of August, 2024.

17